**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-2259

_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER WILLIAMS,
Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 11-cr-00853-001)
District Judge:  Honorable Claire C. Cecchi

_____

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2014

_____

Before: RENDELL, ROTH and BARRY, Circuit Judges

(Opinion Filed:  February 21, 2014)

_____

OPINION

_____

BARRY, Circuit Judge

Christopher Williams pleaded guilty, pursuant to a written plea agreement, to

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  In the

agreement, which Williams signed, he stipulated that his total offense level under the

Sentencing Guidelines was 23, and that he voluntarily waived his right to file "any appeal . . . which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 23." (AA24). The Guidelines range for a defendant such as Williams, with a criminal history category of V and a total offense level of 23, is 84 to 105 months' imprisonment. Williams was sentenced to 92 months' imprisonment, well within that range. His appointed counsel has filed an appeal on his behalf, and has moved to withdraw under Anders v. California, 386 U.S. 738 (1967). We will dismiss the appeal and grant counsel's motion to withdraw.

This case reaches us in an unusual posture. Typically, where there has been a guilty plea pursuant to a plea agreement, the defendant, if he appeals, raises, in his opening brief, the reason or reasons why he believes the sentence that was imposed or the conviction itself should be set aside. And, typically, if there has been an appellate waiver, the government, in its responsive brief, will invoke that waiver, arguing why it should be enforced and, failing that, why the reason or reasons the defendant has raised for invalidating the sentence or the conviction are without merit. Then, typically, the defendant comes back, seeking, for one reason or another, to set aside the appellate waiver, a reason that would not, of course, have been raised before the district court, and so is unpreserved, and, thus, reviewed for plain error. The reviewing court must then determine whether it has jurisdiction to review the issues raised by the defendant or whether it will enforce the appellate waiver and not reach those issues. If it concludes

2

that the defendant knowingly and voluntarily waived his right to appeal and that the merits issues pursued on appeal fall within the waiver, it will dismiss the appeal—unless, of course, enforcing the waiver would work a miscarriage of justice. See United States v. Corso, 549 F.3d 921, 927 (3d Cir. 2008); United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007).[1]

This case is not "typical," however, because counsel has not raised even one arguable issue on the merits, simply concluding that there are no non-frivolous issues for appellate review because the plea procedure was constitutionally and procedurally sound and that any appeal by Williams is barred by his appellate waiver. This, counsel seems to believe, is how one complies with Anders. The government, quite understandably if somewhat disingenuously, has no problem with defense counsel's conclusions. We say "somewhat disingenuously" because, while at several points in its submission, the government is quick to "agree that the issues identified by defense counsel have no basis in law or fact," Appellee Br. at 6; see also id. at 1, 8, defense counsel had not identified even one.

Under Anders, if appointed counsel finds an appeal "to be wholly frivolous," counsel may "so advise the court and request permission to withdraw" by filing a "brief referring to anything in the record that might arguably support the appeal." Anders, 386 U.S. at 744. Nothing is offered here, and so there has been at least technical

---

[1] We recognize that our cases are somewhat inconsistent as to whether, in the face of a valid appellate waiver, we will dismiss the appeal because we lack jurisdiction to proceed to the merits or whether we will affirm the judgment of a district court. We leave a discussion of that inconsistency for another day.

3

noncompliance with <u>Anders</u> because, we suppose, in counsel's view, there simply isn't "anything."

We have, nonetheless, reviewed the record in this case and our review satisfies us that there are no non-frivolous issues as to the waiver of appeal, the validity of the guilty plea itself, or the sentence that was imposed, and Williams has not offered any worthy argument to the contrary in the Informal Brief he has filed;[2] indeed, in that brief, and as particularly relevant here, he did not even mention, much less challenge, his waiver of appeal. The waiver was uncomplicated and clearly described both in the plea agreement that Williams acknowledged, by his signature, he had read and understood, and in open court, when he confirmed that understanding, albeit on a somewhat minimal exchange with the District Court.[3]

Because the frivolousness of any appeal here "is patent," <u>United States v. Coleman</u>, 575 F.3d 316, 321 (3d Cir. 2009) (internal quotation marks omitted), we will dismiss the appeal and grant counsel's motion to withdraw.

---

[2] Williams' Informal Brief was received well after the United States filed its brief. The United States has responded to his submission in a supplemental brief it seeks leave to file.

[3] And we caution the District Court that, where there has been a waiver, more care be given to framing the appropriate language notifying a defendant of any right to appeal following the imposition of sentence. <u>See</u> <u>Corso</u>, 549 F.3d at 930, n.2.